**BI ZHEN HUANG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 08–1239–ag.

United States Court of Appeals, Second Circuit.

Dec. 4, 2008.

Henry Zhang, Esq., New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division; Shelley R. Goad, Senior Litigation Counsel, Office of Immigration Litigation; Robbin K. Blaya, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

Present: SONIA SOTOMAYOR, REENA RAGGI and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Bi Zhen Huang, a native and citizen of the People's Republic of China, seeks review of a February 14, 2008 order of the BIA affirming the May 3, 2006 decision of Immigration Judge ("IJ") Elizabeth Lamb, which denied Huang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bi Zhen Huang,* No. A98–880–763 (B.I.A. Feb. 14, 2008), *aff'g* No. A98–880–763 (Immig. Ct. N.Y. City May 3, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey,* 529 F.3d 141, 146 (2d Cir.2008). This Court reviews the agency's factual findings, including adverse credibility findings, under the substantial evidence stan-

dard. *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on, *inter alia*, an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163 (2d Cir.2008) (per curiam).

We find that the IJ's adverse credibility determination is supported by substantial evidence. The IJ found that Huang's testimony was confusing, hesitant, and imprecise. To the extent these findings were based on the IJ's observation of Huang's demeanor, we accord particular weight to them. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n. 1 (2d Cir.2005). Huang's basic claim was that Chinese authorities sought to persecute her and others after they protested an official's electoral fraud by writing a letter. The IJ observed that Huang was unable to describe the contents of the letter, or to provide credible details regarding the authorship, signing, or sending of the letter. The IJ also noted that Huang initially did not know the title of the official being elected. Only after further questioning did Huang state that the election was for the office of "Village Director." Finally, despite Huang's claim that she advocated democratic activities, the IJ observed that Huang had almost no understanding of democracy. Under the REAL ID Act, these findings provided substantial evidence to support the IJ's conclusion that Huang was not credible under the "totality of the circumstances." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d at 167.

Because Huang's asylum and withholding of removal claims were premised on the same factual predicate, the IJ's adverse credibility determination was fatal to both claims. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

Although Huang contends that the IJ failed to make any determination regarding her CAT claim, the record demonstrates that the IJ specifically denied CAT relief based on her finding that there was no evidence that Huang would be tortured if returned to China. To the extent that Huang seeks to challenge the IJ's denial of CAT relief, the IJ's adverse credibility determination in this case necessarily precludes success on Huang's CAT claim. *See id.* at 157; *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.